**Yashpal KAUR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 03–71929, 04–71859.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 16, 2005.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo A Professional Corporation, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Richard M. Evans, Esq., John L. Davis, U.S. Department of Justice,

Office of Immigration Litigation, Washington, DC, for Respondent.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

### MEMORANDUM **

Yashpal Kaur is a native and citizen of India. In petition No. 03–71929, Kaur seeks review of a Board of Immigration Appeals' ("BIA") decision that denied her appeal of the Immigration Judge's ("IJ") order denying her application for asylum and withholding of removal. In petition No. 04–71859, Kaur seeks review of a second BIA decision which denied her motion to reopen as untimely. We have jurisdiction under 8 U.S.C. § 1252. We grant and remand petition No. 03–71927, and we deny petition No. 04–71859.

Where, as here, the BIA conducted a de novo review of the record and made an independent determination of whether relief is appropriate, this court reviews the decision of the BIA. *See Molina–Morales v. INS*, 237 F.3d 1048, 1050 (9th Cir.2001). We review the BIA's denial of asylum and withholding of removal for substantial evidence. *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003). We review for abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003).

■ In petition No. 03–71929, the BIA assumed that Kaur had testified credibly. It then referred to her "no longer" holding a well-founded fear of persecution, implying that the she did have such a fear. The

---

BIA has not sufficiently justified its conclusion that changed country conditions in India rebut the presumption of a well-founded fear of persecution. The BIA concluded that certain facts in the 1997 addendum to a State Department profile on India rebutted Kaur's well-founded fear. This finding is not a sufficiently individualized showing to rebut the presumption of a well-founded fear. *See Garcia–Martinez v. Ashcroft,* 371 F.3d 1066, 1074 (9th Cir.2004) (a "State Department report on country conditions, standing alone, is not sufficient to rebut the presumption of future persecution when a petitioner has established past persecution") (citation and internal quotation omitted); *see also Chand v. INS,* 222 F.3d 1066, 1079 (9th Cir.2000) (the decision of whether the presumption of a well-founded fear is rebutted requires an individualized analysis focusing on the specific harm that the petitioner suffered); *Garrovillas v. INS,* 156 F.3d 1010, 1017 (9th Cir.1998) ("In the absence of any explanation as to how any change in conditions in the Philippines would serve to rebut Garrovillas's particular fear of future persecution, the presumption stands unrebutted.").

In addition, the BIA's citation to *Matter of T–M–B–,* 21 I & N Dec. 775, 779 (BIA 1997)—a case that did not involve the rebuttable presumption of a well-founded fear—indicates that the BIA may have applied the wrong burden of proof with respect to evidence of changed country conditions. *See* 8 C.F.R. § 1208.16(b)(1)(ii).

We grant Kaur's claim and remand petition No. 03–71929 to the BIA to apply the correct burden of proof and to determine whether sufficient evidence of changed country conditions exists to rebut the presumption of Kaur's well-founded fear. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123

S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

■ In petition No. 04–71859, the BIA did not abuse its discretion in denying Kaur's motion to reopen as untimely where Kaur filed the motion more than ninety days after the BIA's final order of removal and did not show she was entitled to equitable tolling. *See* 8 C.F.R. § 1003.2(c)(2); *see also Ekimian v. INS,* 303 F.3d 1153, 1156 (9th Cir.2002) (noting that a motion to reopen to apply for adjustment of status must be filed no later than ninety days after the issuance of a final decision by the BIA); *see also Iturribarria,* 321 F.3d at 897, 899 (equitable tolling applies "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering" the misconduct).

**PETITION FOR REVIEW in No. 03–71929 is GRANTED and REMANDED. PETITION FOR REVIEW in No. 04–71859 is DENIED.**